UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JUNGHYEON KWAK a.k.a JASON KWAK,

                Plaintiff

     -against-

DIA ASSOCIATES LLC, and ANDREY KULJIEV

                Defendant

-------------------------------------------------------------------x

Civil Action No:

<u>COMPLAINT</u>

<u>JURY TRIAL DEMANDED</u>

Plaintiff Junghyeon Kwak (a.k.a Jason Kwak) ("Kwak" or "Plaintiff"), by and through his attorneys Sacco & Fillas, LLP, as and for his complaint against Defendants DIA Associates ("DIA" or "Corporate Defendant") and Andrey Kuljiev ("Kuljiev" or "Individual Defendant"), (collectively, "Defendants"), states and alleges as follows:

## NATURE OF THE ACTION

1. Defendants employed Plaintiff, an H1B visa holder and citizen of the Republic of Korea, as an Analyst and Management Consultant for over five years, until April of 2024, when Plaintiff sought to enforce his right to take paternity leave after the birth of his first child. After first informing DIA in January 2024 that he would be expecting a child at the beginning of April 2024, Plaintiff reached out to his direct manager and one of the partners at DIA, Stephen Bolick ("Bolick"), in March 2024 to discuss his paternity leave. Bolick informed Plaintiff that DIA does not have a paternity policy but that others have been able to take paternity leave through New Jersey's Family and Medical Leave Act.

2. Shortly thereafter, on April 1, 2024, Kwak's daughter was born. Plaintiff emailed Bolick, Human Resources Manager Wendy Tsai ("Tsai"), and one of his clients to inform them that

he would be taking three (3) days of paid time off to spend with his daughter, but he would return to work immediately afterward. Tsai and Bolick both approved this request via email that day. Unfortunately, less than two weeks later, on April 12, 2024, Chief Operating Officer Andrey Kuljiev called the Plaintiff and asked him to sign a resignation letter, return all company equipment, and exit the DIA property within the hour.

3. Plaintiff, an above-average worker who in his five years at DIA has never been reprimanded or placed on a performance improvement plan ("PIP"), was shocked and distraught. Not only did he have a newborn child to care for, but under the H1B visa program, he now had only 60 days to find a new job before being forced to leave the country. Plaintiff was unable to secure employment and was compelled to return to Korea with his family, only to be able to return this past summer.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action under 28 U.S.C. § 1332 on diversity grounds.

5. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because the Corporate Defendants maintain their principal place of business in the State and County of New York.

## PARTIES

6. Plaintiff is an individual residing in Bergen County in the State of New Jersey.

7. Plaintiff is a male, and his wife was pregnant during 2024 and at all relevant times herein.

8. Plaintiff is a citizen of the Republic of Korea and was lawfully in the United States of America on an H-1 B visa.

9. At all relevant times herein, Plaintiff worked for at least 1,250 hours during the twelve months immediately preceding his requested leave, making him eligible for FMLA Leave.

10. At all relevant times hereinafter, DIA was and is a corporation with a principal place of business in the state and county of New York.

11. Upon information and belief, Corporate Defendant maintains their principal place of business at 85 Broad St, New York, NY, 10004.

12. At all relevant times herein, DIA was Plaintiff's employer within the meaning of the New York State Human Rights Law ("NYSHRL"), New York City Human Rights Law ("NYCHRL"), and the Family and Medical Leave Act ("FMLA").

13. As a private sector employer that employs 50 or more employees, DIA is subject to the obligations imposed by the FMLA.

14. Upon information and belief, Kuljiev is a resident of the state and county of New York.

15. At all relevant times herein, Kuljiev was Plaintiff's employer within the meaning of the NYSHRL, NYCHRL, and the FMLA.

## STATEMENT OF FACTS

16. Defendants employed Plaintiff as an Analyst and Management Consultant beginning in March 2019.

17. Between March 2019 and April 2024, Plaintiff performed his job excellently and was never reprimanded or placed on a PIP.

18. On or about January 2024, Plaintiff told Tsai that he would be expecting a child in the beginning of April.

19. On or about March 2024, Kwak spoke to Bolick to inquire about his ability to utilize his Paid Medical Leave for paternity leave.

20. Bolick informed Plaintiff to reach out to Tsai.

21. On March 17, 2024, Kwak emailed Bolick again to notify him that he had spoken to Tsai regarding his upcoming leave and to ask about how long he could take for his leave.

22. Bolick did not respond.

23. On March 25, 2024, Kwak reached out to Bolick again via email, reminding him that his child's due date was getting closer and wanting to discuss how his paternity leave would work.

24. On March 26, 2024, Bolick notified Kwak via email that DIA does not have a paternity policy but that others have been able to take paternity leave through New Jersey's Family and Medical Leave.

25. That same day, Kwak asked Bolick via email about how long he could take for paternity leave and to ensure that there would be no work scheduling conflicts while he was on leave.

26. On April 1, 2024, Kwak's daughter was born. Kwak immediately emailed Bolick, Tsai, and his new client that he would be using three (3) days of his paid time off to spend time with his daughter but would be back to work right away.

27. Tsai approved this request via email that day.

28. Bolick approved this request via email that day.

29. Defendants were aware that Plaintiff intended to utilize some form of Family and Medical Leave for the birth of his child.

30. Eleven days later, on April 12, 2024, DIA terminated Plaintiff's employment when Kuljiev called Kwak and told him that he was required to sign a resignation letter.

31. Kuljiev also informed Kwak to send back all his company's equipment.

32. Finally, Kuljiev informed Plaintiff that he must leave the office within the hour.

33. Defendant Kuljiev was aware Plaintiff was in the United States on an H1B Visa.

34. Defendant Kuljiev was aware Plaintiff would have to return to Korea if he was not able to find a new job within 60 days.

35. Plaintiff could not find a job within 60 days and had to return to Korea.

**AS AND FOR A FIRST CAUSE OF ACTION
AGAINST ALL DEFENDANTS
(<u>FMLA RETALIATION</u>)**

36. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein fully at length.

37. The FMLA entitles eligible employees of covered employers to take unpaid job-protected medical leave for specified medical reasons or to care for a family member with a serious health condition for up to twelve weeks per year, with continuation of group health insurance coverage under the same terms and conditions as if the employee had not taken leave.

38. Code of Federal Regulations Section 825. 301 (c) states 'when an employee provides notice of the need for FMLA leave, the employer shall provide the employee with notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations. "

39. On or about January 2024, Plaintiff informed Defendants that his wife was pregnant.

40. On or about April 1, 2024, Plaintiff requested FMLA leave to care for his newborn child.

41. Plaintiff engaged in statutorily protected activity when he requested leave to care for his newborn child.

42. Following Plaintiff's exercise of his rights protected by the FMLA, Defendants retaliated against Plaintiff by discharging him in April 2024.

43. As a direct and proximate result of Defendant's unlawful conduct in violation of the FMLA, Plaintiff suffered lost compensation and benefits.

44. As a direct result of Defendants' discriminatory acts, Plaintiff is entitled to damages including, but not limited to, past and future lost wages and benefits, damages to compensate him for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action, and pre-judgment interest.

**AS AND FOR A SECOND CAUSE OF ACTION
AS AND AGAINST ALL DEFENDANTS
(Discrimination Based on Family Status; NYSHRL Executive Law § 296(1)(a))**

45. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

46. Executive Law § 296(1)(a) provides that "It shall be an unlawful discriminatory practice for an employer … because of an individual's … familial status … to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

47. Defendants discriminated against Plaintiff because of Plaintiff's familial status in violation of Executive Law § 296(1)(a) by terminating Plaintiff's employment after he exercised his right to take leave to care for his newborn child.

48. Based on the foregoing actions, Defendants discriminated against Plaintiff because of his sex in violation of Executive Law § 296(1)(a).

49. As a direct and proximate result of Defendants' discrimination in violation of Executive Law § 296(1)(a), Plaintiff suffered, and continues to suffer, monetary losses, including but not limited to loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief.

50. As a direct and proximate result of Defendants' discrimination in violation of Executive Law § 296(1)(a), Plaintiff is entitled to damages including, but not limited to, past and future lost wages and benefits, damages to compensate him for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action, and pre-judgment interest.

### AS AND FOR A THIRD CAUSE OF ACTION
### AS AND AGAINST ALL DEFENDANTS
### (Discrimination Based on Caregiver Status; N.Y.C. Admin. Code § 8-107 (1))

51. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

52. N.Y.C. Admin. Code § 8-107 (1)(a) provides that "It shall be an unlawful discriminatory practice for an employer or an employee or agent thereof, because of the actual or perceived… caregiver status … To discriminate against such person in compensation or in terms, conditions or privileges of employment."

53. Defendants discriminated against Plaintiff because of Plaintiff's familial status in violation of N.Y.C. Admin. Code § 8-107 (1)(a) by terminating Plaintiff's employment after he exercised his right to take leave to care for his newborn child.

54. Based on the foregoing actions, Defendants discriminated against Plaintiff because of his sex in violation of N.Y.C. Admin. Code § 8-107 (1)(a).

55. As a direct and proximate result of Defendants' discrimination in violation of N.Y.C. Admin. Code § 8-107 (1)(a), Plaintiff suffered, and continues to suffer, monetary losses, including but not limited to loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief.

56. As a direct and proximate result of Defendants' discrimination in violation of N.Y.C. Admin. Code § 8-107 (1)(a), Plaintiff is entitled to damages including, but not limited to, past and future lost wages and benefits, damages to compensate him for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action, and pre-judgment interest.

**AS AND FOR A FOURTH CAUSE OF ACTION
AS AND AGAINST ALL DEFENDANTS
(Discrimination Based on Sex; NYSHRL Executive Law § 296(1)(a))**

57. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. Executive Law § 296(1)(a) provides that "It shall be an unlawful discriminatory practice for an employer … because of an individual's … sex … to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

59. Defendants discriminated against Plaintiff because of Plaintiff's sex in violation of Executive Law § 296(1)(a) by terminating Plaintiff's employment after he exercised his right to take leave to care for his newborn child.

60. Upon information and belief, Defendant allows similarly situated female employees to take leave to care for their newborn children.

61. But for Plaintiff's sex, he would have been permitted to utilize his FMLA leave to care for his newborn child.

62. Based on the foregoing actions, Defendants discriminated against Plaintiff because of his sex in violation of Executive Law § 296(1)(a).

63. As a direct and proximate result of Defendants' discrimination in violation of Executive Law § 296(1)(a), Plaintiff suffered, and continues to suffer, monetary losses, including but not limited to loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief.

64. As a direct and proximate result of Defendants' discrimination in violation of Executive Law § 296(1)(a), Plaintiff is entitled to damages including, but not limited to, past and future lost wages and benefits, damages to compensate him for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action, and pre-judgment interest.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**AS AND AGAINST ALL DEFENDANTS**
**(Discrimination Based on Sex; N.Y.C. Admin. Code § 8-107 (1)(a))**

65. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

66. N.Y.C. Admin. Code § 8-107 (1)(a) provides that "It shall be an unlawful discriminatory practice for an employer or an employee or agent thereof, because of the actual or perceived… sex … To discriminate against such person in compensation or in terms, conditions or privileges of employment."

67. Defendants discriminated against Plaintiff because of Plaintiff's sex in violation of N.Y.C. Admin. Code § 8-107 (1)(a) by terminating Plaintiff's employment after he exercised his right to take leave to care for his newborn child.

68. Based on the foregoing actions, Defendants discriminated against Plaintiff because of his sex in violation of N.Y.C. Admin. Code § 8-107 (1)(a).

69. Upon information and belief, Defendant allows similarly situated female employees to take leave to care for their newborn children.

70. But for Plaintiff's sex, he would have been permitted to utilize his FMLA leave to care for his newborn child.

71. As a direct and proximate result of Defendants' discrimination in violation of N.Y.C. Admin. Code § 8-107 (1)(a), Plaintiff suffered, and continues to suffer, monetary losses, including but not limited to loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief.

72. As a direct and proximate result of Defendants' discrimination in violation of N.Y.C. Admin. Code § 8-107 (1)(a), Plaintiff is entitled to damages including, but not limited to, past and future lost wages and benefits, damages to compensate him for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action, and pre-judgment interest.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**AS AND AGAINST ALL DEFENDANTS**
**(Retaliation Based on Family Status & Sex; Executive Law § 296(7) ("NYSHRL"))**

73. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

74. Executive Law § 296(7) provides that "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article."

75. Defendants retaliated against Plaintiff because of Plaintiff's family status and sex in violation of Executive Law § 296(7) by terminating his employment after he exercised his right to take sick leave guaranteed by the state of New York to care for his newborn child.

76. Defendants were aware that Plaintiff sought to utilize his sick time to care for his newborn child.

77. Defendants' decision to terminate Plaintiff's employment is likely to deter a person similarly situated to Plaintiff from participating in the protected activity of requesting time off to care for their newborn child.

78. But for Plaintiff's decision to exercise his right to use his sick time to care for his newborn child, Defendants would not have terminated his employment.

79. Based on the foregoing actions, Defendants retaliated against Plaintiff because of his family status and his sex in violation of Executive Law § 296( 7).

80. As a direct and proximate result of Defendants' discrimination in violation of Executive Law § 296(7), Plaintiff suffered, and continues to suffer, monetary losses, including but not limited to loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief.

81. As a direct and proximate result of Defendants discrimination in violation of Executive Law § 296(7), Plaintiff is entitled to damages including, but not limited to, past and future

lost wages and benefits, damages to compensate him for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action, and pre-judgment interest.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AS AND AGAINST ALL DEFENDANTS
### (Retaliation based on Caregiver status and sex; N.Y.C. Admin. Code § 8-107 (7)("NYCHRL")

82. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

83. N.Y.C. Admin. Code § 8-107 (7) provides that "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has… requested a reasonable accommodation under this chapter."

84. Defendants retaliated against Plaintiff because of Plaintiff's caregiver status and sex in violation of N.Y.C. Admin. Code § 8-107 (7) by terminating his employment after he exercised his right to take sick leave guaranteed by the state of New York to care for his newborn child.

85. Defendants were aware that Plaintiff sought to utilize his sick time to care for his newborn child.

86. Defendants' decision to terminate Plaintiff's employment is likely to deter a person similarly situated to Plaintiff from participating in the protected activity of requesting time off to care for their newborn child.

87. But for Plaintiff's decision to exercise his right to use his sick time to care for his newborn child, Defendants would not have terminated his employment.

88. Based on the foregoing actions, Defendants retaliated against Plaintiff because of his caregiver status and sex in violation of N.Y.C. Admin. Code § 8-107 (7).

89. As a direct and proximate result of Defendants' discrimination in violation of N.Y.C. Admin. Code § 8-107 (7), Plaintiff suffered, and continues to suffer, monetary losses, including but not limited to loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief.

90. As a direct and proximate result of Defendants' discrimination in violation of N.Y.C. Admin. Code § 8-107 (7), Plaintiff is entitled to damages, including, but not limited to, past and future lost wages and benefits, damages to compensate him for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees, and costs of this action, and pre-judgment interest.

**AS AND FOR EIGHTH CAUSE OF ACTION**
**AS AND AGAINST ALL DEFENDANTS**
**(Retaliation based on NYLL § 215(1)(a))**

91. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

92. NYLL § 215(1)(a) states in part that: "No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee … because such employee has used any legally protected absence pursuant to federal, local, or state law"

93. Defendants retaliated against Plaintiff in violation of NYLL § 215(1)(a) by terminating his employment after he used his sick time to care for his newborn child.

94. Defendants were aware that Plaintiff sought to utilize his sick time to care for his newborn child.

95. Defendants' decision to terminate Plaintiff's employment is likely to deter a person similarly situated to Plaintiff from participating in the protected activity of requesting time off to care for their newborn child.

96. But for Plaintiff's decision to exercise his right to use his sick time to care for his newborn child, Defendants would not have terminated his employment.

97. Plaintiff served notice upon the attorney general pursuant to N.Y. Lab. Law § 215 at or before the commencement of this claim for retaliation in the Complaint.

98. As a direct and proximate result of Defendants' discrimination in violation of NYLL § 215(1)(a), Plaintiff suffered, and continues to suffer, monetary losses, including but not limited to loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief.

99. As a direct and proximate result of Defendants discrimination in violation of NYLL § 215(1)(a), Plaintiff is entitled to damages, including, but not limited to, past and future lost wages and benefits, liquidated damages, damages to compensate him for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees, and costs of this action, and pre-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court enter a judgment:

(a) Declaring that the acts, practices, and omissions complained herein are unlawful and violate the FMLA, the NYSHRL, and the NYCHRL;

(b) Awarding full back pay and benefits and pre-judgment interest;

(c) Awarding Plaintiff compensatory damages;

(d) Awarding liquidated damages;

(e) Awarding punitive damages;

(f) Awarding reasonable attorneys' fees, costs, and expenses; and

(g) Awarding such other legal and equitable relief as this Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: Astoria, New York  
December 4, 2025

SACCO & FILLAS, LLP

/s/ *Scott William Clark*  
Scott William Clark Esq.  
*Attorney for Plaintiff*  
3119 Newtown Ave, Seventh Floor  
Astoria, New York 11102  
Tel: 718- 269-1627  
sclark@SaccoFillas.com